CLERK'S OFFICE U.S. DIST COURT
AT LYNCHBURG, VA
FILED
for Charlottesville
MAR 3 0 2006
JOHN F. CORCORAN, CLERK
BY: Fay Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| VAN DER LINDE HOUSING, INC., d/b/a Container Rentals<br><br>*Plaintiff,*<br><br>v.<br><br>RIVANNA SOLID WASTE AUTHORITY,<br><br>*Defendant.* | CIVIL ACTION NO. 3:05-CV-00076<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's Motion to Dismiss, filed on January 19, 2006.

**Background**

According to the Complaint, Plaintiff Van Der Linde Housing, Inc. ("Van Der Linde") operates as a municipal waste disposer in the City of Charlottesville and Albemarle County. Plaintiff uses a variety of locations for waste disposal, including a transfer station near Zion Crossroads, Virginia ("transfer station"). The Defendant, Rivanna Solid Waste Authority ("RSWA"), a governmental entity, entered into an agreement with the transfer station's owner, BFI, to allow waste disposers in Charlottesville and Albemarle to deposit their waste there. Pursuant to the agreement, all waste disposers "who are not signatory parties to the agreement" must be charged at a specific rate for use of the transfer station. This rate currently has two

1

components: a fee of $46 per ton which RSWA collects and pays to the successor in interest to BFI, AWS, for the use of the transfer station, and a "service contribution fee" of $16 per ton, which RSWA retains in return for providing "comprehensive waste management services to the Rivanna Service Area." Hence, under the agreement between AWS and RSWA, all municipal waste disposers in Charlottesville and Albemarle may use the transfer station in return for a $62 per ton total fee.

AWS, however, also operates as a municipal waste disposer in the area, and by the terms of the agreement it is not required to pay this fee. Van Der Linde alleges that AWS has contacted Van Der Linde's customers and sought to woo them away by pointing out its ability provide waste disposal at a lower cost per ton than Van Der Linde can provide. Plaintiff also alleges that other unspecified waste disposers have been allowed to bypass RSWA and form agreements directly with AWS for use of the transfer station; these entities are also not paying the $16 service contribution fee to RSWA and have a competitive advantage that enables them to undercut Plaintiff's prices. These activities form the basis for Plaintiff's equal protection claim.

Plaintiff Van Der Linde claims that RSWA has arbitrarily and capriciously classified AWS differently from other municipal waste haulers and that it has no legitimate purpose for such classification. Essentially, Plaintiff argues that the agreement between BFI (now AWS) and the RSWA is facially discriminatory, does not treat similarly situated entities uniformly, and thus uses the color of law to give one private entity, AWS, an unfair competitive advantage. Plaintiff therefore seeks declaratory judgment, injunctive relief, and money damages under Va. Code § 15.2-5136, the Equal Protection Clause of the Fourteenth Amendment, and 42 U.S.C. § 1983.

2

## Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint and does not resolve contests concerning the facts, the merits of claims, or the applicability of defenses. *See Randall v. United States,* 30 F.3d 518, 522 (4th Cir. 1994). Such motions "should be granted only in very limited circumstances," *Rogers v. Jefferson-Pilot Life Ins. Co.,* 883 F.2d 324, 325 (4th Cir. 1989), and a complaint will survive as long as it sets out sufficient facts for the court to infer that each element of a cause of action is present. *See Wolman v. Tose,* 467 F.2d 29, 33 (4th Cir. 1972). In considering a Rule 12(b)(6) motion, the complaint is to be construed in the light most favorable to the plaintiff and the court is to assume its factual allegations to be true. *See Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Martin Marietta v. Int'l Tel. Satellite,* 991 F.2d 94, 97 (4th Cir. 1992). "A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim." *McNair v. Lend Lease Trucks, Inc.,* 95 F.3d 325, 328 (4th Cir. 1996) (*en banc*).

## Discussion

Defendant RSWA argues that Plaintiff's claim should be dismissed because Plaintiff fails to allege an intentional violation of its rights, is not a member of a protected class, and is not similarly situated as to the other entities involved. Defendant also argues that a rational basis exists for the different treatment of AWS and Van Der Linde. The Court will address each of these arguments in turn.

The Equal Protection Clause requires states and municipalities to treat similarly situated entities alike. *Plyler v. Stove,* 457 U.S. 202, 216 (1982). A plaintiff's claim will survive a motion

3

to dismiss if the complaint alleges: (1) that a government agency intentionally treated the plaintiff differently from other, similarly situated persons; and (2) that either the plaintiff is a member of a suspect class or the government relied on a classification whose relationship to its goal "is so attenuated as to render the distinction arbitrary or irrational." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 446 (1985). *See also Village of Willowbrook v. Olech*, 528 U.S. 562 (2000); *Tricounty Paving, Inc. v. Ash County*, 281 F.3d 430, 439 (4th Cir. 2002). However, where a law or classification is discriminatory on its face, a plaintiff need not allege that it is intentional, in contrast to facially neutral classifications, where the plaintiff bears the initial burden of proving the classification was used intentionally. *Sylvia Dev. Corp. v. Calvert County, Maryland*, 48 F.3d 810, 819 (4th Cir. 1995). Further, a complaint need not allege intentionality in so many words if it can be fairly construed to allege intentional discrimination. Where the plaintiff's complaint alleged that a local government's demands were "irrational and wholly arbitrary," the Supreme Court found that these allegations sufficiently stated an equal protection claim. *Village of Willowbrook*, 528 U.S. at 565.

In this case, Van Der Linde has not alleged that RSWA acted deliberately; however, the agreement at issue is not facially neutral, but explicitly classifies AWS differently from other waste disposers. Further, the complaint alleges that RSWA has "arbitrarily and capriciously classified AWS differently than other haulers." The complaint, which incorporates the agreement between RSWA and BFI, describes the manner in which this classification singles out AWS for beneficial treatment, to the detriment of Van Der Linde. Hence, even if an allegation of intent were necessary, Van Der Linde's complaint can be fairly construed as alleging intentional discrimination with regard to AWS.

4

The agreement between the defendant and AWS only singles out AWS for special treatment, however. It makes no mention of the other municipal waste haulers who are apparently bypassing RSWA and thus avoiding the $16 fee. Here, there is no facially discriminatory classification setting these waste haulers apart, and neither has Van Der Linde alleged that RSWA acted intentionally in allowing them to escape the $16 service contribution fee. Indeed, as to these entities, the complaint does not make sufficient allegations for the Court to construe it as stating a claim for intentional discrimination. Hence, by failing to allege that RSWA acted intentionally as to these unspecified municipal waste haulers, Van Der Linde has failed to state a claim on which relief can be granted.

Plaintiff must also allege that it is situated similarly to AWS. The Equal Protection Clause requires states and municipalities to treat similarly situated persons alike. *Plyler v. Stove*, 457 U.S. 202, 216 (1982). Plaintiff concedes that it is not similarly situated to AWS as far as AWS acts as a landfill operator. When AWS acts as a municipal waste disposer, however, Plaintiff argues that it is in fact similarly situated to Van Der Linde and other disposers in the area: when both entities engage in the same activities– collecting municipal solid waste– they are similarly situated.

Assuming without deciding that AWS and Van Der Linde are similarly situated as municipal waste disposers, however, a rational basis exists for their differences in classification. Where a statute does not involve any discernable fundamental interests or particularly affect any protected class, the court need only inquire whether it had a rational relationship to a legitimate government interest. *Ohio Bureau of Employment Services v. Hodory*, 431 U.S. 471, 489 (1977). Indeed, economic legislation should be upheld unless "the varying treatment of different groups

5

or persons is so unrelated to the achievement or any combination of legitimate purposes that [the court] can only conclude that the legislature's actions were irrational." *Vance v. Bradley*, 440 U.S. 93, 97 (1979). As Van Der Linde has noted in its reply brief, the classification here is economic, and thus rational basis review, rather than strict scrutiny, is appropriate.

In this case, a rational basis plainly exists for AWS' different treatment. RSWA charges the $16 service contribution fee "for providing comprehensive waste management services." These services apparently include both billing and generating funds for further capital investment. Van Der Linde concedes that given that there is no need for RSWA to bill AWS for trash disposal, a rational basis exists as to at least part of AWS' different treatment.

In addition, Defendant RSWA contracted with AWS to obtain access to the transfer station for all municipal waste disposers in the area at a set price per ton. If AWS were required to pay the $16 per ton fee under the agreement, it could plausibly decide that continuing its arrangement with RSWA was not worthwhile. Waste disposers would then have to make their own private arrangements with AWS or other landfill owners, which could result in increased cost and even greater inequality in prices. A rational municipal decision-maker could thus decide that local interests were better served by securing access for all municipal waste disposers at a set price, in return for exempting AWS from the service contribution fee. Hence, a rational basis exists for the different treatment of AWS, and Van Der Linde has failed to state a claim on which relief can be granted.

## Conclusion

In arguing that Defendant violated the Equal Protection Clause of the United States Constitution, Plaintiff Van Der Linde has failed to state a claim upon which relief can be granted.

6

As to AWS, it appears certain that Plaintiff can prove no set of facts which will entitle it to relief, and hence, its claim against RSWA relating to the activities of AWS shall be dismissed pursuant to Federal Rule 12(b)(6). As to the unspecified municipal waste haulers who are dealing directly with AWS, Plaintiff has also failed to state a claim upon which relief can be granted by failing to allege intentional discrimination. The Court therefore grants Plaintiff leave to amend its complaint within fifteen days; if the complaint is not amended to state a claim within that time, this aspect of Plaintiff's claim shall be dismissed as well. Where federal claims are dismissed before trial, the state claims in a case should also be dismissed. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Chesapeake Bay Foundation, Inc. v. Virginia State Water Control Board*, 495 F. Supp. 1229, 1238 (E.D. Va. 1980). Hence, the state law claims shall also be dismissed if Plaintiff's complaint is not amended to state a claim within fifteen days.

An appropriate order shall issue this day.

ENTERED: *[signature]*
U.S. District Judge

March 30, 2006
Date

7