CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAY 1 1 2006

JOHN F. CORCORAN, CLERK
BY: /s/
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| VAN DER LINDE HOUSING, INC., d/b/a Container Rentals<br><br>*Plaintiff,*<br><br>v.<br><br>RIVANNA SOLID WASTE AUTHORITY,<br><br>*Defendant.* | CIVIL ACTION NO. 3:05-CV-00076<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's Motion for Rehearing, Reconsideration and Leave to Amend, filed on April 7, 2006. For the following reasons, this motion must be denied.

### Background

The facts of this case are described in the Court's Opinion of March 30, 2006 and need not be repeated here. The Court granted Defendant's motion to dismiss on that date, but allowed Plaintiff leave to amend its complaint on the issue of whether Defendant deliberately allowed other unspecified waste disposers to avoid the $16 per ton "service contribution fee."

Plaintiff now moves the Court to reconsider, arguing that the rational basis the Court relied on in its earlier Opinion is based on inaccurate factual information. Plaintiff also seeks leave to amend its complaint to refute the inaccurate facts the Court relied on.

1

## Standard of Review

The Fourth Circuit has recognized three grounds for motions to alter or amend judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent a manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993); *E.E.O.C. v. Lockheed Martin Corp., Aero and Naval Systems*, 116 F.3d 110, 112 (4th Cir. 1997). Mere disagreement with the district court's decision does not support a Rule 59(e) motion. *Hutchinson*, 994 F.2d at 1082. Similarly, Rule 59(e) motions are not to be used to raise arguments that could have been raised before the entry of judgment. *Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). In general, granting a motion under Rule 59(e) is an extraordinary remedy which should be used sparingly. *Id.*

## Discussion

Pursuant to Plaintiff's motion of April 21, 2006 and the Court's Order of April 24, 2006, Plaintiff's motion is deemed a motion to alter or amend judgment under Rule 59(e). The first and second grounds for reconsideration are inapplicable in this case, and the Court therefore considers whether reconsideration is necessary to correct a clear error of law or prevent a manifest injustice. Plaintiff argues that the rational basis the Court relied on in its earlier opinion is based on a mistaken understanding of the facts. Specifically, it states that the $16 per ton fee is essentially a tax collected by Defendant to operate a municipal solid waste authority in the area. This fee is solely for the benefit of RWSA, and is distinct from the $46 per ton fee that RWSA collects from waste haulers and delivers to AWS for use of its landfill. To survive, waste haulers must pass this $16 per ton tax on to customers. Hence, by allowing AWS to escape paying this

fee, Defendant has given it an unfair advantage; AWS can either dispose of trash at a lower cost per ton than its competitors, or can collect the extra $16 per ton and match its competitors' prices, but pocket the $16 instead of turning it over to RWSA. The ultimate end result of this situation, Plaintiff argues, is that no other waste hauler will be able to compete with AWS, and AWS will eventually have a monopoly.

Plaintiff also argues that only recently has RWSA begun collecting the $16 per ton service contribution fee. For at least nine years before that, Plaintiff and AWS had competed on equal footing, with neither required to pay the fee. Hence, to assume that AWS would withdraw from its agreement with RWSA unless its competitors were required to collect a tax from which AWS was exempt ignores the fact that it AWS operated without any such advantage for nine years.

Rational basis review "is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." *F.C.C. v. Beach Communications, Inc.*, 508 U.S. 307, 313 (1993); *Thomasson v. Perry*, 80 F.3d 915, 928 (4th Cir. 1996). Under the rational basis standard, government action is entitled to a strong presumption of validity, and must be sustained "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Heller v. Doe by Doe*, 509 U.S. 312, 320 (1993) (citing *Beach Communications*, 508 U.S. at 313). The state need not articulate this rational basis, and a legislative choice may be based on rational speculation unsupported by evidence or empirical data. *Id.* (citing *Beach Communications*, 508 U.S. at 313). A classification does not fail rational basis review because in practice it results in some inequality or there is an imprecise fit between the means and the ends. *Heller*, 509 U.S. at 320.

3

More importantly, the rational basis standard does not require that a state decision-maker make the best possible decision; a classification rather survives if "any state of facts reasonably may be conceived to justify it." *Dandridge v. Williams*, 397 U.S. 471, 485 (1970). Hence, the question is not whether RWSA made the objectively correct decision, but whether it could reasonably have believed that a rational basis existed for its decision. *See Tri County Paving, Inc. v. Ashe County*, 281 F.3d 430, 439 (4th Cir. 2002). The actual motivation for its decision is irrelevant. *See Front Royal & Warren County Indus. Park Corp. v. Town of Front Royal*, 135 F.3d 275, 290 (4th Cir. 1998). It is not the function of the judiciary to sit as a "super-legislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines." *Smith Setzer & Sons v. South Carolina Procurement Review Panel*, 20 F.3d 1311, 1323 (4th Cir. 1994) (citing *City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976)).

Here, Plaintiff's case for reconsideration hinges on the argument that Defendant made a poor choice and that thus, that choice cannot have a rational basis. But the second proposition does not necessarily follow from the first. Even assuming Plaintiff is correct, the Court still finds that a municipal decision-maker could reasonably have believed at the time of the agreement that it was making a rational decision. As noted in the previous opinion, RWSA could rationally have determined that local interests were best served by securing access to the landfill for all municipal waste haulers at a set price, despite the risk that such an arrangement would give AWS a competitive advantage. As AWS owned the landfill to begin with, it already had a competitive advantage that the other waste haulers lacked, and the short-term advantage of landfill access at a known price rate could rationally outweigh the long term risk of a monopoly. In its motion for

4

rehearing, Plaintiff argues that AWS has never asserted that it would attempt to cancel its agreement with RWSA if it were required to pay the service contribution fee. This misses the point; the question is whether, at the time the agreement was made, RWSA had a rational basis for believing that the agreement furthered a legitimate government aim. It is not the Court's province to judge whether, in hindsight, that decision was the correct one.

Further, the Court is unpersuaded by Plaintiff's argument that no rational basis exists because AWS operated under the agreement with RWSA for nine years without the imposition of a service contribution fee to give it an unfair advantage. There is a difference between acquiescence to a system where no participants are charged a fee, and acquiescence to a system where all participants are charged a fee. It would not be irrational to conclude that AWS would object to the latter but not the former, especially given that under the latter arrangement, AWS would be paying for a service of essentially no benefit to itself (in contrast to the other waste disposers, who would be gaining at least waste management services).

Nor would granting leave to amend cure the defects in Plaintiff's case. Alleging that the $16 per ton service contribution fee is essentially a tax does not change the outcome of this case. *See Fitzgerald v. Racing Ass'n of Central Iowa*, 539 U.S. 103 (2003). None of the facts forecast in Plaintiff's motion are sufficient to negate this rational basis or allege that RWSA's decision was wholly arbitrary. The Court left open the possibility of amendment with regard to Defendant's actions towards the other unspecified waste haulers because this amendment would have allowed Plaintiff to state a claim for relief. With regard to Defendant's actions toward AWS, however, none of the additional facts that Plaintiff has offered would cast doubt on the existence of a rational basis for Defendant's actions, and thus it would be pointless to allow

5

amendment.

## Conclusion

The motion for reconsideration and leave to amend must therefore be denied. Plaintiff has not met any of the three grounds allowing a motion for reconsideration under Rule 59(e).

An appropriate order shall issue this day.

ENTERED: _____
U.S. District Judge

5/11/06
Date